**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH ARUANNO, | : | Civil No. 08-4449 (SDW) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| CINDY SWEENEY, et al., | : | |
| Defendants. | : | |

It appearing that:

1. By Order entered September 19, 2008 [docket entry #2] this Court dismissed the above Complaint for failure to state a claim upon which relief may be granted, without prejudice to the filing of an amended complaint stating a cognizable claim not previously made by Plaintiff in Aruanno v. Spagnuolo, Civil No. 07-2056 (DMC) order of dismissal (D.N.J. Oct. 16, 2007), aff'd, 2008 WL 2746229 (3d Cir. July 15, 2008), or any other case considered by the United States District Court for the District of New Jersey.  This Court dismissed the Complaint on the ground that the allegations set forth in the Complaint were subsumed by the allegations made by Plaintiff in the complaint dismissed by Judge Cavanaugh in Civil No. 07-2056 (DMC), which dismissal was affirmed by the Third Circuit on the ground that the denial of a prison job, back wages, television and other privileges, does not violate Plaintiff's constitutional rights.  See Aruanno v. Spagnuolo, 2008 WL 2746229 *2 (3d Cir. July 15, 2008).

2. In response to this Court's Order [docket entry #2], on October 17, 2008, Plaintiff filed docket entry #4, which he labeled "Amended Complaint."  In docket entry #4, Plaintiff asserted that, although he made certain facts clear to Judge Cavanaugh, i.e., the lack of sanitary

items and administration of drugs as retaliatory measures, etc., Judge Cavanaugh and the Third Circuit failed to respond in a manner acceptable to Plaintiff and failed to give him a fair opportunity.  Plaintiff further asserted that the retaliatory administration of drugs by the administration at the Special Treatment Unit has been brought to the attention of United States Attorney Christopher Christie and is the focus of another federal lawsuit.  Finally, Plaintiff asserted:

> So for Judge Cavanaugh to have said I must participate in therapy which is not available here, and admit to a crime I did not commit while I have appeals pending there, as well as appeals against my civil commitment, should satisfy your question and should allow this case to go forward for which I and the residents here beg of you to do in the interest of justice and our welfare.

(Docket entry #4, p. 2.)

    3.  By Order [docket entry #5] entered November 12, 2008, this Court determined that the "Amended Complaint" [docket entry #4] failed to state a cognizable claim which has not been previously presented to this in Civil No. 07-2056 (DMC) or another case, and failed to cure the deficiencies of the original Complaint.  This Court dismissed the Complaint [docket entry #1] and Amended Complaint [docket entry #4] for failure to state a claim upon which relief may be granted and closed the file.

    4.  On November 18, 2008, Plaintiff filed a "Motion to Reconsider and Reinstate" [docket entry #6].  Plaintiff asks this Court to reconsider the dismissal on the following grounds:

> In your previous order dated 9-19-08 you had asked me to explain the difference between this case and a previous case that was heard by Judge D. Cavanaugh.  And as you can see in the recent complaint a main issue is the fact that the new Administrator, Cindy Sweeney, has instructed the staff not [to] supply me or provide me with an necessities such as personal hygienic items,

> etc., for which this recent event is the focus and the difference between these cases. As well as my reason for submitting this. And whether it is in retaliation for other pending cases or just incompetence that has lead to this due process and equal protection Constitutional violation it must permit me to be able to present this case to a jury. Or at least have the court act in this matter. Also as part of my explaining the difference I showed where Judge Cavanaugh refused to address 90% of the issues/claims in that case which not only leave them unexhausted but also question the validity of the courts action/ruling in the previous case. And for which I seek to challenge in this case and any and all other venues available to me.
>
> In closing I also need to point out that I had never claimed to have been drugged at the STU but had happened previously also in retaliation for my litigation. For which in that case the drugs were ruled unwarranted and ordered stopped. And for which is the case that has the criminal complaints being submitted as well. Finally, once again I beg of this court to reconsider its orders in this case and reinstate it so that justice may be served. As well as in the interest of justice for the 3rd Circuit Court of Appeals so they don't have to be burdened with this case for which the District Court should be handling.

(Docket entry #6, pp. 1-2.)

     5. This Court will grant Plaintiff's motion to reconsider dismissal of the Complaint and Amended Complaint.

     6. Plaintiff argues in his motion for reconsideration that the allegations raised in the Complaint and Amended Complaint in this matter state a claim different from claims dismissed by Judge Cavanaugh (which dismissal was affirmed by the Third Circuit) because (1) the new administrator is continuing the practice of the prior administrator not to provide Plaintiff with personal hygiene items; and (2) Plaintiff questions the validity of the rulings of Judge Cavanaugh and the Third Circuit in the prior proceeding. The fact that the new administrator is continuing the practice of the prior administrator to withhold privileges does not distinguish this case from

3

the prior proceeding, in which the Third Circuit affirmed dismissal of a complaint raising essentially the same claim.[1]

7.  Plaintiff also states that this Court should reconsider the ruling by the Third Circuit because he questions the validity of that ruling.  However, this Court has no power to overrule the Third Circuit.  The proper course was for Plaintiff to seek review of that ruling by the Supreme Court.   Based on the foregoing, this Court will dismiss the Complaint and Amended Complaint for failure to state a claim upon which relief may be granted.

8.  An appropriate Order will be entered.


    S/Susan D. Wigenton

**SUSAN D. WIGENTON, U.S.D.J.**

---

[1] In affirming the dismissal of Plaintiff's prior complaint, the Third Circuit summarized the allegations in the prior complaint as follows:

> [Aruanno] alleges that the defendants have retaliated against him for exercising his rights under the First and Fifth Amendments.  Convicted sex offenders confined at the STU are required to participate in treatment sessions during which they are told [to] disclose their past, sexually violent behavior to other group members.  Aruanno refuses to participate vocally in these sessions, because he argues that he is being compelled to confess to crimes that he has not committed.  Since he has refused to reveal his sexual history during these therapy sessions, the defendants have withheld certain privileges, such as his job (including unpaid back wages), television, and stereo.  They have also placed him in "treatment refusal status," thereby impeding his progression through the program.

Aruanno v. Spagnuolo, 2008 WL 2746229 *1 (3d Cir. July 15, 2008).